Gardner, J.
This suit was commenced in the Greenfield Division of the District Court Department by David C. Brooks, as Trustee of Infinite Realty Trust (“Landlord “), against Debra Connor (‘Tenant “) to recover possession and unpaid rent for commercial space that the Tenant rented for use as a used clothing store. The Tenant’s answer claimed that she legally withheld the rent due to the Landlord’s alleged interference with her right of quiet enjoyment of the premises and the Landlord’s alleged conduct that the Tenant asserted constituted “commercial frustration.” The Tenant counterclaimed for the Landlord’s alleged interference with her quiet enjoyment of the premises; interference with her use of the premises by the Landlord’s alleged damage to the premises and her inventory amounting to a frustration of the commercial purpose of the tenancy; and alleged unfair and deceptive practices in violation of G.L.c. 93A, §11.
The Tenant’s answer and counterclaims present issues as to the proof of responsibility for the alleged damages the premises and the Tenant’s inventory. After a two day bench trial that included a view of the premises, judgment was entered on July 14, 2004, in favor of the Landlord for possession and $662.50 in unpaid rent. Judgment was also entered in favor of the Tenant on her counterclaims in the amount of $3,000.00, trebled, plus attorney’s fees of $1,200.00 pursuant to G.L. c. 93A. The Landlord filed this Dist./Mun. Cts. R. A. D. A., Rule 8C, appeal challenging the trial judge’s denials of his Mass. R. Civ. R, Rule 41(b) (2), motion for a “directed finding” on the Tenant’s counterclaims and his post judgment motions for a new trial or to alter or amend judgment on the Tenant’s counterclaims.
The record sets forth the following facts necessary for an understanding of the issues presented: The commercial property in question is located at 67-69 Second Street, Turners Falls, Massachusetts. The Landlord, a realty trust in the business of renting real estate, rented a portion the entire first floor of the building to the Tenant. There was some dispute as to whether a second floor storage area was also included.
Upon taking possession on April 1, 2002, the Tenant opened and operated a second hand clothing store on the premises. There was a history of late rent payments by the Tenant and some complaints to the Landlord, including a water leak into the *14 premises. Sometime during the winter of 2003-2004, the Landlord sought permission from the Tenant to enter the premises to renovate the heating system. The Tenant gave the Landlord permission to enter the premises to cut holes in the floor and to install heat vents and duct work on the condition that the work would not interfere with the operation of her business. In early February, 2004, the Tenant closed her store to travel to Florida to care for her sick grandfather. The work was commenced by the Landlord and his employees or contractors. On February 23, 2004, the Tenant’s daughter arrived at the store and discovered that it was in complete disarray. Clothes and construction debris were strewn about the premises.
At trial, the Tenant presented evidence of the value of the alleged damage, including: (1) the Tenants testimony of her estimate of the value of the inventory at $7,500; (2) the Tenants mother’s testimony that she had advanced approximately $4,500.00 to the Tenant over the course of the Tenants operation of her business; and (3) a view of the premises on June 1,2004, taken by the judge, the parties and their counsel. The Landlord presented evidence of the municipality’s assessment of the inventory value at $1,000.00. The Tenant did not introduce any documents to corroborate her estimate.
1. Where, as here, the appellant asks us to review the trial court’s award of damages, we do so with the clear understanding that damages are always a question of fact and, as such, are rarely reviewable by an appellate court. Freeman v. Marchi, 30 Mass. App. Div. 114, 122 (1965). The test of a trial court’s findings of fact is whether they are so lacking in support in the record that they are “clearly erroneous.” Mark Moore Homes, Inc. v. Tarvezian, 1998 Mass. App. Div. 172, 174. A trial court’s findings of fact will be sustained on appeal when “supported ‘on any reasonable view of the evidence, including all rational inferences of which it was susceptible.’” Bowers v. Hathaway, 337 Mass. 88, 89 (1958).” First Pennsylvania Mortg. Tr. v. Dorchester Sav. Bk., 395 Mass. 614, 624 (1985), quoting T.L. Edwards, Inc. v. Fields, 371 Mass. 895, 896 (1976). “An award of damages will not be disturbed on appeal ‘unless to make it or to permit it to stand was an abuse of discretion on the part of the court below, amounting to an error of law.’” Anzalone v. Strand, 14 Mass. App. Ct. 45, 47 (1982), quoting Bartley v. Phillips, 317 Mass. 35, 43 (1944).
In this case, the trial judge found that the Landlord caused “extensive damage... to the rented premises as well as to the defendants clothing inventory ... effectively destroying or making nonsaleable the defendants inventory.” The trial judge found the amount of damage to the inventory to be $3,000.00. He stated that he based his finding of damage to the inventory on his “view of the premises, the town assessment, and the testimony [of] the value of the inventory of clothing that was effectively rendered useless” by the Landlord.
Proof of damages by mathematical certainty is not a prerequisite for recovery. See Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 777 (1986), citing National Merchandising Corp. v. Leyden, 370 Mass. 425, 430 (1976). However, in both contracts and torts, proof of injury or loss must be based on more than speculation. Bond Pharmacy, Inc. v. City of Cambridge, 338 Mass. 488, 493 (1959) (no recovery based on conjecture; evidence must afford reasonable basis for measuring damage).
Even where a plaintiff proves a loss, the plaintiff has the burden of proving the amount of his/her damages resulting from that loss. The law does not permit a remand of the case on the issue of damages. It was the Tenant’s burden to prove the amount of her damages; the fact that she failed to do so the first time is an “insufficient basis upon which to provide [her] with a second chance.” Stark v. Patalano Ford Sales, Inc. 30 Mass. App. Ct. 194, 203 (1991).
In this case there was no evidence to support the trial judge’s finding that the value of the inventory damaged or destroyed was $3,000.00 on the date in February, 2004, when the Tenant went to Florida. The Landlord asserts that even if the inventory was moved and strewn about in the premises, under construction debris and insulation, there was not any specific evidence that the inventory was spoiled beyond repair or *15 cleaning. In addition, except for some testimony that some items, such as the cash register, were removed, there was no evidence that the bulk or the entirety of the inventory had been removed from the premises.
Therefore, we conclude that the Tenant did not satisfy her burden to prove, by a preponderance of the evidence, that she sustained $3,000.00 in damage to her inventory.
2. The trial judge found that the landlord’s “actions referred to above amount to a willful and intentional breach of the defendant’s quiet enjoyment and were an unfair and deceptive practice under G.L.c. 93A.”
The measure of damages for a breach of the covenant of quiet enjoyment is the difference between the value of what the tenant should have received and the fair value of what the tenant has in fact received. Charles E. Burt, Inc. v. Seven Grand Corp., 340 Mass. 124, 130 (1959). Although the trial judge made the specific finding that the actions of the Landlord constituted a breach of quiet enjoyment, no evidence was offered as to the value of that breach.
To recover actual damages stemming from a breach of contract, the damages must be proved. Gray v. Tobin, 252 Mass. 238, 240 (1925). However, if a breach is found but actual damages are not proven, the plaintiff is entitled, at least, to nominal damages. Corbett v. Dermon Shoe Co., 338 Mass. 405, 412 (1959). Accordingly, we order judgment in the amount of $1.00 for the Tenant on her counterclaim for the Landlord’s breach of her quiet enjoyment.
Therefore, the trial court’s judgment on the Tenant’s counterclaims is vacated. The Clerk/Magistrate of the Greenfield Division is hereby ordered to enter judgment in favor of the Tenant on her counterclaims in the amount of One Dollar ($1.00), offset by the trial court’s judgment for the Landlord on his complaint, plus attorney’s fees of $1,200.00, and interest and costs as provided by law.
So ordered.