Brennan, J.
Norfolk Financial Corporation (“Norfolk”) brought this collection action against Nadine Mazard (“Mazard”) in May, 2006, alleging by amended complaint[2] that Mazard had obtained a credit card account from Household Bank (“Household”), Mazard had defaulted on her payments, Norfolk was the assignee of Mazard’s Household account, and she owed Norfolk $4,392.84 in unpaid charges. Mazard filed no answer, and a default judgment was entered. Mazard thereafter moved, successfully, to vacate the default judgment, and answered byway of general denial.
Norfolk served Mazard with interrogatories and requests for production of documents in February, 2007. Mazard answered only some of the former, and produced none of the latter. Norfolk therefore moved to strike and compel further responses to interrogatories, and a hearing was scheduled for April 18, 2007. On that date, the motion judge (“first motion judge”) continued the hearing on Norfolk’s motion to May 16, 2007, and ordered Norfolk to “supply [Mazard] all written documentation that [it] reifies] upon and intend[s] to introduce at trial to prove [its] claim at hearing.”
On May 16, 2007, in compliance with the above order, Norfolk filed an “Affidavit of Account and Damages,” sworn to by Tania Medeiros (“Medeiros”), a Norfolk account representative. Medeiros identified Mazard’s Household account by account number and social security number, and averred that Norfolk had purchased that account on May 16, 2005, Mazard’s last payment had been posted on March 27, 2001, and Norfolk had received no payments since filing its complaint. Attached to the affidavit were several exhibits purporting to show the chain of title of Mazard’s alleged and frequently assigned account, i.e., from Household, through *256 several subsequent assignees, and ultimately to Norfolk.[3] The exhibits follow the chain, however, only as far back as Bank of America, N.A. No exhibit evidences an assignment from Household to Bank of America. Further, Mazard’s alleged account is not identified in any of the ten bills of sale exhibited. Although each bill refers to respective schedules or attachments listing the accounts being assigned, Norfolk failed to append any such schedules to the Medeiros affidavit.
That same day, May 16, 2007, the motion judge (“second motion judge”) allowed Norfolk’s motion to strike Mazard’s answers to interrogatories and compel further responses. Mazard duly responded on May 24,2007,[4] essentially denying that she had ever applied for, received, or used a Household credit card. Mazard moved to dismiss Norfolk’s amended complaint on June 5. Norfolk opposed the motion to dismiss and moved for summary judgment on June 18, 2007, supported, in part, by the Medeiros affidavit and attached exhibits. On June 27,2007, a hearing was held on both motions. At the close, Mazard requested additional time to submit a written opposition to summary judgment, noting that although Norfolk’s motion was dated June 14, 2007 and was filed on June 18, 2007, she had been out of town and only received it on June 21, 2007. The second motion judge granted her request, giving her until July 19, 2007 to submit an opposition, but stating that “there’s not going to be any further argument.”
Mazard duly filed her opposition to summary judgment, arguing that the Medeiros affidavit and attached exhibits were inadmissible hearsay and that Norfolk had failed to prove it was a valid assignee of Mazard’s Household account with standing to sue for collection of the debt. Mazard also moved for reconsideration of the court’s ruling against further hearing on summary judgment. On July 26, 2007, the *257 second motion judge denied Mazard’s motions to dismiss and for reconsideration, and granted summary judgment to Norfolk in the amount of $4,392.84, plus interest and costs. On August 9, 2007, the motion judge denied her subsequent motions for relief from judgment and to alter or amend.[5]
Mazard thereafter filed this Dist/Mun. Cts. R. A. D. A, Rule 8A appeal, arguing that the second motion judge erred in (1) denying her motion to dismiss Norfolk’s amended complaint, (2) denying her motion for reconsideration regarding further hearing on summary judgment, (3) granting summary judgment to Norfolk, (4) failing to rule, separately, on Mazard’s opposition to summary judgment, and (5) denying her postjudgment motions.
We address only Mazard’s third allegation of error because it is dispositive of this appeal.
It is well established that summary judgment may be granted only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Mass. R Civ. P., Rule 56(c); Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). The burden is on the moving party to establish both the absence of any triable issue and its entitlement to a judgment in its favor. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). This affirmative burden may be met by the submission of pleadings, depositions, answers to interrogatories, admissions on file, affidavits, or other competent documentary evidence that satisfies the requirements of Rule 56 (e).
Mazard argues that the summary judgment motion should not have been allowed because Norfolk failed to establish, as a matter of law, its status as assignee of Mazard’s Household account and, thus, its standing to sue for collection of the debt.[6] We agree.[7]
To prove its entitlement to summary judgment as assignee, Norfolk relied upon the *258 pleadings, Mazard’s discovery responses, and the Medeiros affidavit with attached exhibits. None of those, singly or in combination, was sufficient to satisfy Nofolk’s Rule 56 burden. First, in its unverified amended complaint, Norfolk merely alleged that it was the assignee of Mazard’s Household account. Mazard’s answer generally denied that allegation. Second, Mazard’s answers to interrogatories and responses to Norfolk’s requests for production of documents also failed to demonstrate Norfolk’s status as assignee of her alleged Household account In the former, she essentially denied that she had ever applied for, received, or used a Household credit card. In the latter, she stated that she had none of the requested financial documents or correspondence.
As to the Medeiros affidavit, Mazard correctly objected to the affidavit as inadmissible hearsay in her opposition to summary judgment. An affidavit made in connection with a summary judgment motion must be made upon personal knowledge. Mass. R. Civ. R, Rule 56 (e); White v. University of Mass. at Boston, 410 Mass. 553, 558 (1991). Medeiros averred that she was “an account representative of the plaintiff Norfolk Financial Corp., and [was] a keeper of the books and records of the plaintiff and [was] familiar with the books and records of the plaintiff as they are maintained in the ordinary course of the plaintiffs business.” Medeiros’ personal knowledge was, thus, limited to knowledge of Norfolk’s business. She did not purport to have personal knowledge of the books and records of the several previous assignees of the alleged debt. See Norfolk Fin. Corp. v. MacDonald, 2003 Mass. App. Div. 153, 154.
Nor, finally, do the business records attached to the Medeiros affidavit establish Norfolk’s status as the valid assignee of Mazard’s alleged Household account. By the ten bills of sale attached to the affidavit, Norfolk showed only that, between April, 2001 and March, 2005, multiple accounts were assigned from Bank of America, N.A. (“BOA”) to Worldwide Asset Purchasing, L.L.C. (“Worldwide”), from Worldwide to Seller and Risk Management Alternatives Portfolio Services, LLC (“SRMAPS”), from SRMAPS to North Star Capital Acquisition, LLC (“North Star”), from North Star to Global Acceptance Credit Corporation (“Global”), and finally, in March, 2005, from Global to Norfolk. Norfolk failed, however, to present any evidence of an assignment of Mazard’s account from Household to BOA. Further, although the attached exhibits were admissible under the business records exception to the hearsay rule, see G.L.c. 233, §78; Beal Bank, SSB v. Eurich, 444 Mass. 813, 817 (2005), not one makes any reference to Mazard’s Household account. Mazard’s account is not identified in any of the ten bills of sale. And although each bill of sale states that the accounts being assigned are listed in respectively attached schedules, none of those schedules were provided by Norfolk in support of its motion.[8]
*259 New Haven Sav. Bank v. Follins, 431 F. Supp. 2d 183 (D. Mass. 2006), on which Norfolk relies in its brief, is readily distinguishable. There, the debtor issued a promissory note in favor of Aetna Finance Company (“Aetna”), which sold the note to Transamerica Financial Services (“TFS”), which sold the note to Pacific Security LLC (“Pacific”). Pacific moved for summary judgment as owner of the note. Despite its failure to produce the purchase agreement between Aetna and TFS, the court held that Pacific had introduced other direct evidence tending to prove the assignment from Aetna to TFS, most notably, a copy of the purchase agreement and bill of sale between TFS and Pacific, which included the defendants’ names in the list of loans in the portfolio. Conversely, in this case, Norfolk failed to submit other direct and admissible evidence tending to prove either that Household had assigned Mazard’s account to BOA or that Mazard’s account was among those assigned by Global.
“Summary judgment, when appropriate, may be rendered against the moving party.” Mass. R. Civ. R, Rule 56(c). In response to the first motion judge’s order to “supply [Mazard] all written documentation that [it] rel[ies] upon and intends] to introduce at trial to prove [its] claim at hearing,” Norfolk filed the Medeiros affidavit and attached exhibits. It produced only those same documents in support of its motion for summary judgment, from which it may be reasonably inferred that Norfolk had no other evidence to fill the gaps in its otherwise deficient chain of title. In relying only on the affidavit and exhibits presented, the pleadings, and Mazard’s discovery responses, Norfolk failed to establish a valid assignment providing it with standing. Judgment should have been entered for Mazard.
Accordingly, summary judgment for plaintiff Norfolk Financial Corp. is reversed and vacated. Summary judgment is to be entered for defendant Nadine Mazard.
So ordered.

 The trial court dismissed Norfolk’s initial complaint, filed in October, 2005, for lack of service under Mass. R. Civ. R, Rule 4®. The court allowed Norfolk’s motion to vacate the dismissal in May, 2006. Norfolk’s amended complaint changed only Mazard’s residential address.

 The exhibits attached to the Medeiros affidavit include ten bills of sale, which provide, in pertinent part: by agreements executed, respectively, on April 25,2001, May 17,2001, June 15,2001, July 18,2001, August 16,2001, and September 18,2001, Bank of America, N.A. “does hereby sell, assign and convey” to Worldwide Asset Purchasing, L.L.C. “those certain Accounts listed on the attached hereto as Exhibit ‘A.’” By agreement executed on September 26, 2003, Worldwide Asset Purchasing, L.L.C. “does hereby sell, assign and convey” to Seller and Risk Management Alternatives Portfolio Services, LLC “those certain Accounts as defined in the [Account Sales] Agreement.” By agreement executed on July 16, 2004, Risk Management Alternatives Portfolio Services, LLC “does hereby sell, assign and transfer” to North Star Capital Acquisition, LLC “the Accounts listed in the Account Schedule attached ... as Appendix A-l to the [Purchase and Sale] Agreement.” By agreement executed on March 8, 2005, North Star Capital Acquisition, LLC “does hereby sell, assign and transfer” to Global Acceptance Credit Corporation “the Accounts listed in the Account Schedule attached... as Appendix A-l to the [Purchase and Sale] Agreement.” By agreement executed April 25, 2005, Global Acceptance Credit Corporation “hereby sells, assigns and transfers” to Norfolk Financial Corp. the “Accounts described in Schedule A” of the “Loan Sale Agreement” Significantly, Norfolk provided none of the above-referenced schedules or appendices.

 Although not ordered to do so, Mazard filed a second response to Norfolk’s requests for production of documents, again stating that she had none of the requested documents to produce.

 Mazard effectively preserved appellate review of the trial court’s grant of summary judgment by timely serving her motion to alter or amend on the Monday immediately following the expiration, on Sunday, August 5,2007, of the ten-day period presented by Mass. R. Civ. R, Rule 59(e).

 “Standing is sometimes characterized or treated ‘as an issue of subject matter jurisdiction,’ Ginther v. Commissioner of Ins., 427 Mass. 319, 322 (1998); Statewide Towing Ass’n, Inc. v. City of Lowell, 68 Mass. App. Ct. 791, 794 (2007), particularly in statutory actions against governmental or public entities in which the plaintiff’s status as a person sufficiently or appropriately aggrieved to bring the suit must be determined. Herman v. Admit One, 2008 Mass. App. Div. 125, 126, aff’d, 454 Mass. 611 (2009).” Floyd v. Owens, 2009 Mass. App. Div. _.” More often, standing is simply deemed a ‘gatekeeping question,’ Michaels v. Zoning Bd. of Appeals of Wakefield, 71 Mass. App. Ct. 449, 453 (2008), requiting only a ‘quasi-jurisdictional determination,’ Sarin v. Ochsner, 48 Mass. App. Ct 421, 424 (2000), of those preliminary facts necessary to ensure that the court can proceed with the named parties in an action otherwise within its jurisdiction.” Id.

 The trial court granted Mazard’s request to submit a written opposition to Norfolk’s summary judgment motion following a hearing on the motion on June 27, 2007. Mazard duly filed her opposition, and the docket confirms that, on the date of its filing, the opposition was “copied and given to” the second motion judge. We need not discuss Mazard’s various procedural challenges to summary judgment given our agreement with her merit-based argument.

 Apparently recognizing the deficiencies in its summary judgment proof, Norfolk argues in its brief to this Division that Mazard waived her standing-by-assignment argument by failing to challenge Norfolk’s capacity to sue in her answer by specific negative averment in compliance with Mass. R. Civ. R, Rule 9(a). The controlling rule, however, is Rule 17(a), which requires any action to be brought in the name of the real party in interest. Further, “Rule 17 (a) in no way attempts to determine the validity of any assignment; that is a matter of substantive law.” J.W. SMITH & H.B. ZOBEL, RULES PRACTICE §17.5, at 290 (2d ed. 1996). This defense may be raised after pleading. Id. §17.1, at 288.