Rutberg, J.
No good deed goes unpunished. Victoria Febonio (“Febonio”) moved to the Pioneer Valley of Massachusetts with her child in 2002 and tried to buy a home. To do so, she needed a real estate appraisal; and, the mother of her child’s playmate, Helen Thelen (“Thelen”), was an appraiser who needed some painting to be done in her own home. The women agreed to swap services, and their business relationship grew when Thelen wanted to remodel a bathroom in her basement. Febonio undertook the project in bits and pieces to accommodate Thelen’s cash flow. Febonio believed the project was complete, and she sent Thelen a bill for $1,705.00 in July, 2005. When that bill went unpaid, Febonio brought a small claims action against her former friend, who, in turn, removed the case to the civil docket, filed counterclaims, and requested a jury trial. After trial, the jury denied the counterclaims and returned a jury verdict for Febonio for $2,500.00, which Thelen has appealed.
Thelen appeals on two issues: the denial of her motion for directed verdict at the close of her case, and the denial of her motion for posttrial relief.[1] We find that no *66 error was committed by the trial court, and we uphold the jury verdict.
Thelen claims that the fact that Febonio was not a licensed home improvement contractor rendered the parties’ agreement unenforceable. The basis of this claim is that Chapter 142A, §9 of the General Laws requires all contractors who perform residential services to be registered and licensed, and it would be illegal for Febonio, an unlicensed contractor, to perform home improvements. There is nothing in this section that even hints at rendering agreements made by unlicensed home improvement contractors a nullity. Indeed, the balance of G.Lc. 142A appears to imply the contrary, as §2 specifically states, “Contracts which fail to comply with the requirements of this section shall not be invalid solely because of noncompliance.” G.L.c. 142A, §2. Moreover, the balance of the chapter provides myriad options for relief for aggrieved parties, including civil actions to enforce any provision, §3, administrative penalties, §18, criminal penalties, §19, and relief pursuant to Chapter 93A of the General Laws. §17.
Indeed, the only ruling of law that Thelen requested on the issue was: “It is a violation of G.L.c. 93A for any unlicensed person to perform home improvement contracting. G.L.c. 142A, §17 (1).” The trial judge allowed this request. When taken to its extreme, Thelen’s argument could provide enormous windfalls to homeowners for whom extensive renovation work was performed perfectly well by contractors who were unlicensed for the most benign of reasons, including the inadvertent failure to renew or a reasonably mistaken belief that such licensing was unnecessary.
Thelen questioned the enforceability of the contract during the jury-waived trial on her counterclaims for relief arising from a claimed violation of Chapter 93A However, Thelen did not file a request for a ruling of law questioning the enforceability of the contract. Nor did she request a jury instruction on this issue.
The only issues that Thelen briefed were the denial of her motion for directed verdict and the denial for her request for postjudgment relief; therefore, these are the only issues that we need to consider. Dist./Mun. Cts. R. A D. A, Rule 16(a)(4). Thelen claims that because Febonio was not a licensed home improvement contractor, the underlying agreement was illegal. Assuming that Thelen is correct in her contention that Febonio had to be a licensed home improvement contractor to perform the contract, the fact that she is unlicensed, at best, could make the underlying agreement voidable, not void ab initio. The case law that Thelen cites in support of her claim holds that the failure of a party to be properly licensed may render that party’s promises unenforceable if, inter alia, “the interest in the enforcement of the promise is clearly outweighed by the public policy [mandating licensing].” Hastings Assocs., Inc. v. Local 369 Bldg. Fund, Inc., 42 Mass. App. Ct. 162, 177 (1997). The plaintiff in the Hastings case was attempting to enforce the benefit of its bargain that included the illegal transfer of a license to sell alcohol. The Appeals Court acknowledged “the strong public policy favoring enforcement of our licensing laws regarding the selling of alcoholic beverages.” Id. at 178.
However, a thorough reading of the Hastings case shows that our appellate courts are loath to enforce a forfeiture upon a contracting party, especially when such forfeiture “favors an undeserving and equally culpable defendant.” Id. In this case, it is clear that Thelen sought the services of someone who was working at the fringes of the economy, and she was an active participant in stretching Febonio’s work to the point that it may have required a home improvement license. “Courts do not go out *67 of their way to discover some illegal element in a contract or to impose hardship upon the parties beyond that which is necessary to uphold the policy of the law.” Beacon Hill Civic Ass’n v. Ristorante Toscano, Inc., 422 Mass. 318, 320-321 (1996), quoting Nussenbaum v. Chambers & Chambers Inc., 322 Mass. 419, 422 (1948). Implicit in the trial judge’s denial of Thelen’s motion for a directed verdict is his finding that she failed to sustain her burden to show that the public interest in requiring Febonio to acquire a home improvement contractor's license outweighed the public interest in avoiding a forfeiture. We will disturb his finding only if it constitutes an abuse of discretion, and it does not.
We also note that our holding on this issue is consistent with that of the Southern District of this Appellate Division. Yetman v. Cavanaugh, 2007 Mass. App. Div. 162, 163 (affirming denial of defendant-homeowner’s motion to dismiss based on plaintiff-contractor’s lack of registration).
Thelen argues that her request for postjudgment relief should have been allowed for three reasons. The first reason she urges simply restates her contention that the underlying contract was illegal and therefore unenforceable. This argument fails for the reasons stated above.
Thelen then contends that it is reversible error to uphold a jury verdict in excess of one dollar. The basis of this claim is the apparent lack of testimonial evidence from Febonio as to the exact sum that she claimed to then be due. The jury had before them two joint exhibits that each recited that the amount due was $1,705.00; indeed, exhibit 1 states, ‘Total balance $1705.00 for all work completed to date June 12, 2005.” This same sum is claimed due on exhibit 2, which is dated September 28, 2005. It is within the jury’s province to give this evidence the weight they deemed proper; certainly, there is ample evidence in the record to support a jury verdict in excess of one dollar.
Finally, Thelen restates her latter argument but claims that a proper judgment could not exceed the sum set forth above — $1,705.00. This contention was urged upon the trial judge by way of Thelen’s motion “to amend to alter, amend judgment [sic] and/or new trial for damages.” As stated above, the jury verdict for Febonio was for $2,500.00.
As Thelen notes, we previously stated that “in contracts ..., proof of injury or loss must be based on more than speculation.” Brooks v. Connor, 2006 Mass. App. Div. 13, 14. However, an appellate court will not find an abuse of discretion in the judge’s refusal to grant a new trial on the ground of excessive damages “[u]nless the damages awarded were greatly disproportionate to the injury proven or represented a miscarriage of justice.” doCanto v. Ametek, Inc., 367 Mass. 776, 787 (1975). Additionally, the burden of showing abuse of discretion is heightened when the motion judge was the trial judge. Thayer v. Pittsburgh-Corning Corp., 45 Mass. App. Ct. 435, 443 (1998).
Initially, the trial judge allowed so much of Thelen’s motion so as reduce the amount of the jury verdict to $1,705.00 by entering a remittitur, after which Thelen elected to proceed with a new trial on damages. Mass. R. Civ. R, Rule 59(a). The trial judge then reconsidered his order, sua sponte, and revoked the remittitur, writing, “Upon reflection, the court is of the opinion that the jury verdict in the amount of $2,500.00 was neither greatly disproportionate to the injury proven nor represents a miscarriage of justice.” As stated above, there was documentary evidence that *68 Febonio was damaged in the sum of at least $1,705.00; and, the jury verdict is more than a fifty (50%) percent increase in that amount. While this difference may, at first blush, appear to be “disproportionate,” the actual amount of the difference is less than $800.00. We agree with the trial court that even if there had been little or no evidence of this disparity, the jury verdict was neither disproportionate to Febonio’s loss, nor a miscarriage of justice.
The judgment of the trial court is affirmed.
So ordered.

 Thelen moved for a new trial, and the trial judge considered entering a remittitur to $1,705.00, the amount claimed; however, upon reflection, the trial judge ruled that the jury verdict was “neither greatly disproportionate to the injury proven nor represents a miscarriage [sic] of justice”; and, he denied defendant’s motion entirely.