Gardner, J.
Plaintiff Anthony Liquori (“Liquori”) commenced this negligence action in July, 2007 to recover for personal injuries resulting from two automobile accidents, the first with defendant Zachary Wyman (“Wyman”) on September 24, 2004, and the second with defendant Robert D. Pelley (“Pelley”) on September 27, 2004.
On September 11,2007, Pelley answered the complaint, and cross-claimed against Wyman for indemnification or contribution. On September 20, 2007, Liquori settled his claim against Wyman, releasing him and his insurer for the $20,000.00 automobile insurance policy limit. A notice of voluntary dismissal with prejudice as to *113 Wyman was filed on October 15, 2007.
After receiving the full policy limit from Wyman’s insurer, Liquori sought additional underinsured motorist (“UIM”) benefits from his own insurance carrier, Travelers of Massachusetts (“Travelers”), for the injuries he sustained in the accident with Wyman on September 24,2007. The claim was arbitrated on November 25, 2008. Liquori submitted $10,716.10 in medical bills.
In a December 3, 2008 written decision, the arbitrator stated that, based on the materials submitted, it was “impossible” to determine which medical bills were solely attributable to the September 24, 2004 Wyman accident, as opposed to the Pelley accident on September 27, 2004. But she noted that Liquori’s doctor, Lawrence H. Field (“Field”), had ascribed a nine (9%) percent impairment rating to Liquori from both accidents. The arbitrator found that “the first accident was not responsible for more than 1/3 of that impairment rating.” After offsetting $245.07 in personal injury protection (“PIP”) payments and the $20,000.00 received from Wyman’s insurer, the arbitrator awarded Liquori a net recovery of $4,752.93. Liquori thereafter released Travelers on December 18, 2008 for $5,000.00.
Liquori’s negligence claim against Pelley proceeded. On March 4, 2009, the parties jointly submitted a supplement to their pretrial conference memorandum. In addition to the $10,716.10 in medical bills for which he had already sought payment in UIM arbitration, Liquori listed his damages against Pelley as including a $655.00 bill from Dr. Field and a $2,714.00 bill from NovaCare Rehabilitation (“NovaCare”).
On the day of trial, May 7,2009, Pelley filed a motion in limine (or, in the alternative, motion to dismiss) to exclude from evidence, on the ground of issue preclusion, not only the medical records and $10,716.10 in medical bills that Liquori had previously submitted in arbitration of his claim against Travelers for UIM benefits, but also Dr. Field’s $655.00 bill, which Pelley argued the arbitrator had also considered in making the award. Pelley also moved in limine to exclude Liquori’s medical records and $2,714.00 bill from NovaCare on the ground that Liquori had failed to provide expert testimony causally connecting Liquori’s treatment with NovaCare to the September 27,2004 accident with Pelley.
Liquori opposed both motions in June, 2009, and moved for summary judgment. Liquori contended that Pelley, in arguing that the arbitrator’s award was res judica-ta as to Liquori’s total damages, made a judicial admission that the September 29, 2004 accident with Pelley caused two-thirds of Liquori’s impairment rating, such that Liquori’s damages from the second accident were twice the arbitrator’s gross award, i.e., $50,000.00.
After a hearing, the trial court allowed Pelley’s motions in limine by striking all of Liquori’s medical bills except the $655.00 bill of Dr. Field.[1] As to the $10,716.10 in *114 medical bills previously submitted by Liquori during his UIM arbitration for injuries sustained in the Wyman accident, the court stated that the arbitrator’s award was a final adjudication as to Liquori, and that because “pinpointing the treatment attributable to the second accident is impossible based on Dr. Field’s summary opinion,” Liquori could not present this same medical evidence against Pelley for injuries sustained in the September 27,2004 accident. Further, regarding the $2,714.00 bill from NovaCare, the court noted there was no medical opinion in the treatment records linking such services with the Pelley accident.[2]
Having excluded Liquori’s proof of medical expenses in excess of $2,000.00, the court dismissed the complaint under G.L.c. 231, §6D. The court also denied Liquori’s summary judgment motion, noting that Pelley was not a party to the UIM arbitration and, therefore, made no judicial admission as to the meaning of the arbitrator’s findings.
Judgment was entered for Pelley on June 18, 2009. Liquori now appeals the trial court’s allowance of Pelley’s motions in limine, and the court’s denial of his motion for summary judgment.
1. The trial court’s allowance of Pelley’s motion in limine on the ground of issue preclusion was error.
“Issue preclusion prevents relitigation of an issue determined in an earlier action where the same issue arises in a later action, based on a different claim, between the same parties or their privies.” Anusavice v. Board of Registration in Dentistry, 451 Mass. 786, 798 n.16 (2008). “Before precluding a party from relitigating an issue, ‘a court must determine that (1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a party (or in privity with a parly) to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication.’” Kobrin v. Board of Registration in Med., 444 Mass. 837, 843-844 (2005), quoting Tuper v. North Adams Ambulance Serv., Inc., 428 Mass. 132, 134 (1998). “Additionally, the issue decided in the prior adjudication must have been essential to the earlier judgment.” Id. at 844, quoting Tuper, supra at 134-135. Pelley, as the party relying on issue preclusion, had the burden of establishing its elements. Day v. Kerkorian, 61 Mass. App. Ct. 804, 809 (2004).
In this case, there is no question that the arbitrator’s decision constituted a final judgment on the merits, see Miles v. Aetna Cas. & Sur. Co., 412 Mass. 424, 427 (1992); TLT Constr. Corp. v. A. Anthony Tappe & Assocs., Inc., 48 Mass. App. Ct. 1, 9 (1999), and that Liquori was a party to the arbitration. Missing, however, is an identity of issues in the two proceedings. ‘To defend successfully on the ground of issue preclusion, the defendant must establish that the issue of fact sought to be foreclosed actually was litigated and determined in a prior action between the parties or their privies. ...” Day, supra at 809, quoting Heacock v. Heacock, 402 Mass. 21, 25 (1988). For the doctrine to apply, a court must find that the “issue attempted to be raised in the second case was the same issue which was so necessarily involved in the first action that the judgment which was entered therein could not possibly have been entered on any ground other than that this issue was adjudicated adversely to *115 the party later attempting to present it.” McSorley v. Town of Hancock, 11 Mass. App. Ct. 563, 567-568 (1981), quoting Wishnewsky v. Town of Saugus, 325 Mass. 191, 195 (1950). “This is a strong statement and issue preclusion requires that ‘the determination to be carried over shall not only have been litigated in the first action, but shall have been essential to the judgment in that action.’” Id at 568, quoting Rudow v. Fogel, 376 Mass. 587, 591 (1978).
The issue sought to be raised in the present negligence action between Liquori and Pelley is different from the issue raised, and decided, in the UIM arbitration between Liquori and Travelers. In the present action, the issue is the amount of Liquori’s damages for injuries caused by the accident with Pelley on September 27, 2004. In the prior arbitration, the issue was the amount of Liquori’s damages in excess of Wyman’s liability insurance coverage for injuries caused by the accident with Wyman on September 24,2004.[3] Although Liquori concedes that the $10,716.10 in medical bills that he presented in arbitration represented treatment for injuries from both accidents, the arbitrator awarded Liquori only those damages stemming from his accident with Wyman. Liquori’s total damages from both accidents was neither litigated by Liquori, nor decided by the arbitrator. Further, even if the arbitrator did implicitly determine Liquori’s damages from the latter accident on September 27,2004, Pelley has not shown that that finding was essential to the arbitrator’s determination of UIM benefits. Finally, Liquori’s planned use in the present action of the $10,716.00 in medical bills that he already submitted in arbitration is merely one factor used to show an identity of issues. See RESTATEMENT (SECOND) OF JUDGMENTS §27 comment c (1982).[4] Issue preclusion does not apply where the issues in the two proceedings are sufficiently distinct, whether or not the same or different evidence is to be used.
2. The trial court’s allowance of Pelley’s motion in limine to exclude from evidence Liquori’s medical records and $2,714.00 bill from NovaCare was error.
Liquori submitted two medical records from NovaCare. He included only the first page of each in the appendix. One is the first page of a “Past Medical History Form” in which he notes that his current symptoms are related to a motor vehicle accident, *116 and that he has never before had these symptoms. The other record is the first page of a “Daily Note,” which states under the heading “History of Injury’: “Involved in MVA in 2004, current insidious onset in same area, of unknown origin.” These records were accompanied by a “Medical Bill Affidavit,” which listed the dates of service and charges, and to which Tim Guay (“Guay’), a physical therapist, swore under the penalties of perjury that Liquori “was a patient at [NovaCare] for treatment of injuries received on September 27, 2004, and to date, on the dates listed below, the charges as made below are the fair and reasonable charges for necessary services and/or medical treatments of injuries received in an automobile accident on September 27, 2004.”
The trial court excluded these records because, despite Guays certification as to causation, there was no medical opinion in the “treatment report” causally connecting Liquori’s treatment with NovaCare to the September 27, 2004 accident with Pelley. The court thereafter dismissed the complaint because, in light of the exclusion of all Liquori’s bills except Dr. Field’s for $655.00, Liquori would be unable to satisfy the $2,000.00 tort threshold under G.L.c. 231, §6D.
In Cobb v. Gosnell, 2003 Mass. App. Div. 21, where the trial court had similarly “focused on the absence of any actual §79G medical report as to the proximate cause of the plaintiff’s claimed injuries, and factored the lack of such a report into [its] reading of G.L.c. 231, §6D,” id at 24, this Division held that “there is nothing in [§79G] which requires evidence of a causal connection between the claimed injuries and the treatment or services received as a condition of the admission into evidence of... medical reports, bills and records.” Id. at 25. We further held that G.L.c. 231, §6D “does not expressly require preliminary evidence of causation before individual medical bills can be considered for purposes of determining whether the $2,000.00 threshold has been met.” Id.
Pelleys reliance on Gompers v. Finnell, 35 Mass. App. Ct. 91 (1993) is misplaced. In Gompers, the Appeals Court held inadmissible under G.L.C. 233, §79G the opinion affidavit “furnished by one not a physician or dentist... as to proximate cause.” Id. at 93-94. In this case, by contrast, the affidavit was submitted by a licensed physical therapist, which is defined as a “physician or dentist” under §79G.
3. There was no error, however, in the trial court’s denial of Liquori’s motion for summary judgment.
“It is well established that summary judgment may be granted only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law.” Norfolk Fin. Corp. v. Mazard 2009 Mass. App. Div. 255, 257, citing Mass. R. Civ. R, Rule 56 (c). “The burden is on the moving party to establish both the absence of any triable issue and its entitlement to a judgment in its favor.” Id., citing Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
In this case, Liquori moved for summary judgment on the ground that Pelley, in arguing that the arbitrator’s award was res judicata of Liquori’s total damages, made a judicial admission that the September 29, 2004 accident with Pelley was responsible for two-thirds of Liquori’s impairment rating, such that Liquori’s damages from the second accident were twice the arbitrator’s gross award, i.e., $50,000.00. “A judicial admission is a proposition of fact in the form of acts or declarations during the course of judicial proceedings which conclusively determine an issue.” Quinn v. Mar-Lees Seafood, LLC, 69 Mass. App. Ct. 688, 697 (2007), quoting Woody v. Roy *117 Lapidus, Inc., 10 Mass. App. Ct. 761, 765 (1980). “Statements that amount to conclusions of law are not susceptible to treatment as judicial admissions.” Id, citing Woody, supra. See BNE Vehicle Leasing, Inc. v. Rothman, 1997 Mass. App. Div. 23, 25 (“Questions of law ... are for the court's determination, and admissions of law bind neither the party making them, nor the court.”). Because the applicability of res judi-cata is a question of law, see Bishop v. City of Fall River, 346 Mass. 342, 344 (1963); Doyle v. Baltaks, 2007 Mass. App. Div. 43, 4344, any admission by Pelley in his motion in limine as to the effect of the arbitrator’s award was not binding. The amount of Liquori’s damages from his accident with Pelley, therefore, remains a disputed question of fact. Brooks v. Connor, 2006 Mass. App. Div. 13, 14.
Accordingly, the trial court’s judgment for Pelley is vacated, and its allowance of Pelley’s motions in limine or to dismiss are reversed. The denial of Liquori’s summary judgment motion is affirmed, and the action is returned to the Westfield Division of the District Court Department for trial.
So ordered.

 Neither party addresses on appeal the trial court’s authority to dispose of Liquori’s action before his opening statement. See Douglas v. Whittaker, 324 Mass. 398 (1949) (“It is established that a judge has the authority to direct a verdict against a party with the burden of proof after an opening statement if the evidence outlined in the opening is insufficient, as a matter of law, to sustain a verdict for that party.”). Therefore, we deem the issue waived. Dist./Mun. Cts. R. A. D. A., Rule 16(a) (4); Morris v. Centola, 2001 Mass. App. Div. 39, 40.

 As to Dr. Field’s bill for $655.00, the trial court found that Liquori had not submitted it to the arbitrator.

 Liquori did not include his automobile insurance policy in the record. However, §113L(2) of G.L.c. 175, which governs the content of the standard automobile policy, provides that underinsurance benefits are to be paid only when the “bodily injury liability bond amount or policy limit [of the tortfeasor] is less than the policy limit for underinsured motor vehicle coverage.” See Murphy v. Safely Ins. Co., 429 Mass. 517, 520 (1999).

 The comment to the RESTATEMENT lists the following factors to determine whether an issue in two proceedings is the same: “Is there a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first? Does the new evidence or argument involve application of the same rule of law as that involved in the prior proceeding? Could pretrial preparation and discovery relating to the matter presented in the first action reasonably be expected to have embraced the matter sought to be presented in the second? How closely related are the claims involved in the two proceedings?” RESTATEMENT (SECOND) OF JUDGMENTS §27 comment c (1982).