Parker C. J.
delivered the opinion of the Court. It was decided in a former stage of this action, that merchants’ accounts, as described in the statute of limitations, are excepted-from the operation of that statute, and upon a revision, we are satisfied with that decision.
The case as now reported presents the question, whether the demand sued, if originally a merchants’ account, has ceased to retain that character from any cause appearing in the report;
. and whether all or any of the items in the account are in fact of .a nature to come within that description.
It is insisted that the death of the testator more than six years before the commencement of the suit, closed the ac count between the parties, so that from that time the balance then existing became liable to the operation of the statute of limitations, like an account stated; which, according to all the authorities, ceases to be a merchants’ account, so far as respects the exception in the statute. There are no authorities for this position, except a loose dictum in 5 Dane’s Abr. 395,' inded upon a supposed decision of this Court stated in Story’s Plead. 91. The position itself is inconsistent with a subsequent position of the same learned authority, in 6 Dane’s Abr. 152, where it is laid down, that an account closed is not a stated *198 account. Death closes accounts in. one sense, that is, theie can be no further additions to them on either side ; but they remain open for adjustment and set-off, which is not the case in an account stated ; for that supposes a rendering of the account by the party who is the creditor, with a balance struck, and an assent to that balance, expressed or implied ; and thus the demand is essentially the same as if a promissory note had been given for the balance.
We see no authority for deciding, that the death of one of the parties, the account remaining unsettled, shall so change the nature of the demand, as to take it out of the exception in the statute.
In regard to the objection, that the items of the account are not such as, according to the statute, are the proper component parts of merchants’ accounts, we think it is not tenable. The words are, u other than such accounts as concern the trade of merchandise between merchant and merchant.”
It was not intended to limit this exception to accounts for goods, wares and merchandise bought and sold between the parties; but all demands for money growing out of the trade of merchandise, between merchant and merchant, which are the subject of account, are included. We' see no item in the account sued, on which the verdict has been given, which may not fairly be presumed to have arisen from the relation of the parties as merchants.
And we think it was properly left to the jury, to determine the character of the account, and whether it concerned the trade of merchandise.

Judgment according to verdict.

[1]

 See Union Bank v. Knapp, 3 Pick. (2d ed.) 113,114, note 1; Blair v. Drew, 6 N. Hampsh. R. 238; Revised Stat. c. 120, § 5