Coven, J.
Kimhow Corporation (“Kimhow”) brought this action against Moez Rawji (“Rawji”) for breach of a credit agreement, alleging that it was properly assigned Rawji’s consumer credit debt by the original creditor, Chase Bank USA, N.A. (“Chase Bank”). In the jury-waived trial of this case, Rawji admitted a debt to Chase Bank, but advanced the defense that Kimhow could not prove a proper assignment of that debt. Judgment was entered for Kimhow in the amount of $21,393.51, including interest and costs. Based on our review of the record, the judgment is reversed.
In its opening statement, Kimhow argued that it had purchased Rawji’s debt of $17,426.59 in October of 2008 and that the debt owed at the time of trial was, including interest, $32,010.48. Rawji then acknowledged having had a credit account with Chase Bank, but denied “a relationship with Kimhow, and ... disagree []d that *49 Kimhow has or owns any right to a credit card account with Chase Bank.” After this exchange, the court stated that it “f [ound] otherwise” and asked Rawji for his opinion of the amount owed. The court continued in a discussion of the immateriality of Rawji’s ability to pay as a factor in adjudicating liability, and asked Rawji to state “[his] defense.” Rawji responded that he “would like [Kimhow] to show the Court... how [Kimhow] own[s]” the debt.
Kimhow then proceeded to offer evidence. Rawji was called as a witness, was shown documents, presumably monthly billing statements from Chase Bank, and was asked whether he had made the purchases reflected in those statements. Rawji did not deny having received the billing statements, but disputed amounts charged to his account.
Kimhow, through its president,[3] then presented the following to the court: (1) a bill of sale, dated August 25,2008, from Chase Bank to Dodeka, LLC/Turtle Creek Asset LTD assigning a list of debts owed as described in “Exhibit 1” attached to the bill of sale; (2) an assignment by Forward Properties International, Inc., dated September 17, 2008, assigning accounts listed in a “Schedule of Accounts” to Kimhow; and (3) a bill of sale, dated November 14, 2008, from Turtle Creek Assets, LTD, through its general partner, Forward Properties International, Inc., assigning accounts listed in a “Sale File” to Kimhow. When asked by the court whether he had any objection to the documents, Rawji indicated that he did not object. Kimhow’s president testified that “[he] purchased the accounts.” The court was presented a printout of the accounts that Kimhow’s president testified were “under [his] control and supervision” and were “part of Kimhow’s records,” and a printout showing a $17,426.59 debt. In ending his testimony, Kimhow’s president informed the court that Kimhow was “not... concerned about the interest.”[4]
The record does not show that “Exhibit 1,” the “Schedule of Accounts,” or the “Sale File” were introduced as trial exhibits. The transcript does indicate that Kimhow’s president presented the court with a copy of one of the accounts it had purchased. This document is not listed as a trial exhibit.[5]
Following Kimhow’s presentation of evidence, Rawji again pressed the point that Kimhow did not prove a “chain of ownership and assignment” based on the documents produced.
It was Kimhow’s burden to establish that it was properly assigned tire debt owed by Rawji to Chase Bank. Norfolk Fin. Corp. v. Mazard, 2009 Mass. App. Div. 255, 258-259. From the opening statements, Kimhow was on notice that Rawji disputed that it had any right in any debt he owed to Chase Bank. There was no evidence offered on what accounts Chase Bank assigned to Dodeka, LLC/Turtle Creek Asset LTD. More importantly, there was no evidence that Rawji’s account was listed as one of *50 the accounts assigned in the attachment to that bill of sale, i.e., “Exhibit l.”[6]
Based on the evidence presented and submitted to the trial judge, Kimhow failed in its burden to demonstrate that Rawji’s Chase Bank credit account was properly assigned.[7]
The trial court’s judgment for Kimhow is reversed and vacated, and a judgment for Rawji is to be entered.
So ordered.

 Kimhow’s president, an attorney, acted as its lawyer and presented testimony on his personal knowledge as president of the corporation.

 The transcript does not reflect that either Rawji or Kimhow’s president took an oath (of any kind) to present truthful testimony.

 The transcript lists the following documents as trial exhibits: (1) Chase Bank Bill of Sale, (2) Turtle Creek Bill of Sale, (3) Bill of Sale Turtle Creek to Kimhow Corp., (4) printout of Moez Rawji’s accounts, and (5) printout showing $17,426.59 balance.

 Chase Bank apparently assigned some accounts to Dodeka, LLC/Turtle Creek Asset LTD. OnlyTurfle Creek Asset LTD is listed as the subsequent assignor. Given the result we reach, it is unnecessary to discuss whether, if the first assignment had been properly shown, the failure of Dodeka, LLC to be also listed as a subsequent assignor would have subjected Rawji to double exposure had payment been made to Kimhow.

 We note that Rawji informed the court that he did not object to the introduction of the assignment documents. Based on the evidence presented, there was no proper foundation to qualify the records as admissible business records. “Under the business records exception to the hearsay rule, a document is admissible as a business record if the judge finds that it was (1) made in good faith; (2) made in the regular course of business; (3) made before the action began; and (4) the regular course of business to make the record at or about the time of the transaction or occurrences recorded.” Beal Bank, SSB v. Eurich, 444 Mass. 813, 815 (2005). Mass. G. Evid. §803(6) (A), at 253 (2012).